# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| ERIC RAYSHAN FAIR, ) | |
| ) | CASE NO.: 24-60336-sms |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DAVID GOLD AND KELLY GOLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ADVERSARY PROCEEDING NO. |
| v. ) | |
| ) | |
| ERIC RAYSHAN FAIR, ) | _____ |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFFS DAVID GOLD AND KELLY GOLD'S COMPLAINT
OBJECTING TO THE DISCHARGE OF DEBT**

COME NOW David Gold and Kelly Gold (hereinafter, "Plaintiffs"), by and through their undersigned counsel, and file this Complaint Objecting to the Discharge of Debt pursuant to 11 U.S.C. § 523, respectfully showing this Court the following:

Page 1

## PARTIES, JURISDICTION, AND VENUE

1.

The above-styled Complaint is an objection to the Debtor Eric Rayshan Fair's (hereinafter, "Defendant" or "Debtor") attempt to discharge his debt and judgment owed to David Gold and Kelly Gold.

2.

David Gold and Kelly Gold are judgment creditors of Defendant Eric Rayshan Fair in the Superior Court of Gwinnett County, Georgia case styled *David Gold and Kelly Gold v. Eric Fair, et al.*, CAFN: 21-A-04705-4.

3.

The United States Bankruptcy Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a Complaint to Determine the Dischargeability of a Debt pursuant to 11 U.S.C. §§ 523 and 727(b).

4.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

5.

Defendant Eric Rayshan Fair (hereinafter, "Defendant") filed a Voluntary Petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code on

September 30, 2024 in case number 24-60336-sms. Defendant is subject to the jurisdiction of this Court.

6.

Venue is proper pursuant to 28 U.S.C. § 1409 as this is an adversary proceeding arising in and related to the Debtor Eric Rayshan Fair's Chapter 7 Case No. 24-60336, which is pending in the United Stated Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

7.

Defendant Eric Rayshan Fair may be served with process pursuant to Fed. R. Bankr. P. 7004(g), by serving said Debtor's attorney, Craig Black, Esq., and pursuant to Fed. R. Bankr. P 7004(b) by mailing a copy of the summons and Complaint, via first class mail, postage prepaid, to said Debtor's dwelling at 319 Summer Garden Drive, Marietta, Cobb County, Georgia 30064.

**FACTUAL BACKGROUND**

8.

Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully restated herein.

9.

Plaintiffs David and Kelly Gold filed a complaint against Defendant Eric Fair and other defendants in the Superior Court of Gwinnett County, Georgia styled *David Gold and Kelly Gold v. Eric Fair, et al.*, CAFN: 21-A-04705-4 on June 18, 2021, asserting claims for, *inter alia*, breach of fiduciary duty, fraud, Georgia civil RICO, and civil conspiracy. A true and correct copy of Plaintiffs' Superior Court Complaint against Eric Fair is attached hereto as "**Exhibit A.**"

10.

Plaintiffs' Superior Court Complaint against Defendant arises from Defendant and Defendant's related entities defrauding Plaintiffs by posing as a licensed general contractor and fraudulently accepting significant sums of money for the construction of a home, failing to complete the home in a timely manner, failing to pay subcontractors causing liens to accumulate, engaging in interested transactions on behalf of a number of corporate entities, and breaching fiduciary duties owed to Plaintiffs. Defendant further fraudulently put the names of other parties not involved in the project on the permitting documents, orchestrated fraudulent transfers and security deed executions to deprive Plaintiffs of their money and property, and failed to use the amounts received from Plaintiffs for construction of Plaintiffs' home, instead using the money for other purposes.

11.

Defendant Eric Fair was served with a copy of the Superior Court Summons and Complaint on July 8, 2021 via notorious service by serving co-defendant Alisa Flores, an individual of suitable age and discretion residing at Mr. Fair's residence. A true and correct copy of the Sheriff's Entry of Service is attached hereto as "**Exhibit B.**"

12.

Mr. Fair never appeared or answered Plaintiffs' Complaint, leading Plaintiffs to file a Motion for Default Judgment Against Defendant Eric Fair on September 21, 2021.

13.

Mr. Fair did not respond to Plaintiffs' Motion or otherwise appear to answer Plaintiffs' Complaint.

14.

Due to Mr. Fair's failure to appear and answer Plaintiffs' Complaint upon being properly served, the Superior Court of Gwinnett County, Georgia entered an Order Granting Default Judgment Against Defendant Eric Fair on November 19, 2021 in the amount of **$1,836,550.00** in damages related to Plaintiffs' claims for, *inter alia*, breach of fiduciary duty, fraud, Georgia civil RICO, and civil conspiracy.

A true and correct copy of the Superior Court of Gwinnett County's Order Granting Default Judgment Against Defendant Eric Fair is attached hereto as "**Exhibit C**."

15.

Pursuant to the court's Order Granting Default Judgment Against Defendant Eric Fair, a Writ of Fieri Facias in the amount of **$1,836,550.00** was issued to Plaintiffs by the Gwinnett County Clerk of Court against Defendant Eric Fair. A True and Correct Copy of Plaintiffs' Fi Fa Against Defendant Eric Fair is attached hereto as "**Exhibit D**."

16.

Plaintiffs hold a secured judgment against Defendant in the amount of **$1,836,550.00** for Defendant's conduct, consisting of unlawfully posing as a licensed general contractor and fraudulently accepting significant sums of money for the construction of a home, failing to complete the home, failing to pay subcontractors causing liens to accumulate, engaging in interested transactions on behalf of a number of corporate entities, breaching fiduciary duties owed to Plaintiffs, fraudulently putting the names of other parties not involved in the project on the permitting documents, orchestrating fraudulent transfers and security deed executions to deprive Plaintiffs of their money and property, and failing to use the

amounts received from Plaintiffs for construction of Plaintiffs' home, instead using the money for other purposes.

## COUNT I: OBJECTING TO DISCHARGE OF JUDGMENT

17.

Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if fully restated herein.

18.

11 U.S.C. § 523(a)(2)(A) provides that a Chapter 7 discharge does not discharge a debtor from any debt "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud[.]"

19.

11 U.S.C. § 523(a)(4) provides that a Chapter 7 discharge does not discharge a debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity . . . ."

20.

As set forth above and in **Exhibit A** and **Exhibit C**, Plaintiffs' judgment against Defendant was for Defendant's conduct consisting of defrauding Plaintiffs by posing as a licensed general contractor and fraudulently accepting significant sums of money for the construction of a home, failing to complete the home in a

timely manner, failing to pay subcontractors causing liens to accumulate, engaging in interested transactions on behalf of a number of corporate entities, and breaching fiduciary duties owed to Plaintiffs.

21.

Defendant further fraudulently put the names of other parties not involved in the project on the permitting documents, orchestrated fraudulent transfers and security deed executions to deprive Plaintiffs of their money and property, and failed to use the amounts received from Plaintiffs for construction of Plaintiffs' home, instead using the money for other purposes.

22.

As found by the Superior Court of Gwinnett County, Georgia's Granting of Default Judgment in favor of Plaintiffs, Defendant obtained and deprived Plaintiffs of their money and property through fraud. This renders Defendant's debt to Plaintiff nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), as it constitutes the attainment of money and property through false pretenses and fraud.

23.

As found by the Superior Court of Gwinnett County, Georgia's Granting of Default Judgment in favor of Plaintiffs, Defendant was held liable for Defendant's fraudulent conduct while simultaneously acting in a fiduciary capacity. This renders

Defendant's debt to Plaintiff nondischargeable pursuant to 11 U.S.C. § 523(a)(4), as it constitutes fraud while acting in a fiduciary capacity.

24.

All issues set forth in the above-styled Complaint are *res judicata*, and the Judgment of the Superior Court of Gwinnett County, Georgia is binding and preclusive of any factual dispute resolved herein.

25.

The Judgment is a final judgment on the merits, was rendered by a court of competent jurisdiction, concerned the identical parties in this action as those in the Gwinnett County Superior Court action, and involved the same cause of action as set forth in the above-styled Complaint.

26.

Plaintiffs reserve the right to amend this Complaint based on further investigation and discovery.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant Plaintiffs the following relief:

(1) That Defendant Eric Rayshan Fair be served with process as required by law;

(2) That this Court rule that Plaintiffs' Judgment against Defendant is not dischargeable as averred in Count I of the above-styled Complaint;

(3) That this Court award Plaintiffs their reasonable attorneys' fees and expenses of bringing the above-styled Complaint; and

(4) For such other relief that this Court deems just and appropriate.

This 6th day of January, 2025.   Respectfully submitted,

**ANDERSEN, TATE & CARR, P.C.**

/s/ R. Matthew Reeves
R. Matthew Reeves
Georgia State Bar No. 598808
Ian P. LaCroix
Georgia State Bar No. 492422
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA  30097
(770) 822-0900
mreeves@atclawfirm.com
ilacroix@atclawfirm.com
4923-9078-5293, v. 1